**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-02388-NYW

ROYLAN GONZALEZ GARCIA,

      Petitioner,

v.

JUAN BALTAZAR,

      Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed pro se by Petitioner Roylan Gonzalez Garcia on May 29, 2026. [Doc. 1]. Respondent has filed a Response, [Doc. 11], and Petitioner filed a Reply, [Doc. 14]. After reviewing the record and the applicable law, the Petition is **GRANTED in part**.

### BACKGROUND

Petitioner Roylan Gonzalez Garcia ("Petitioner" or "Mr. Gonzalez Garcia") is a native and citizen of Cuba and is currently detained at the Aurora Detention Center in Aurora, Colorado. [Doc. 1 at 6 ¶ 10; *id.* at 7 ¶ 13]. Petitioner alleges that he first "entered the United States through Miami, Florida, on February 11, 1989, after traveling directly from Cuba." [*Id.* at 5 ¶ 2]. He "has lived in the United States for more than 37 years." [*Id.*]. Since October 10, 2001, he has remained in the community under an Order of Supervision ("OSUP"), during which time he "lived openly, maintained a known address,

worked, supported his family," and complied with supervision conditions. [*Id.* at 5 ¶ 3]. ICE "re-detained him on May 12, 2026 at his family home/release address in Miami" and he has been held at the Aurora Detention Facility ever since. [*Id.* at 5 ¶ 4].

Based on these facts, Petitioner claims that his re-detention and revocation of the longstanding OSUP violates due process and 8 C.F.R. §§ 241.4 and 241.13.[1] [*Id.* at 2, 10]. For relief, Petitioner "requests immediate release from custody and return to the pre-existing Order of Supervision status that was in place before his May 12, 2026 re-detention, with reasonable non-custodial supervision conditions as appropriate." [*Id.* at 4].

Respondent Juan Baltazar has elected not to submit "a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 11 at 1]. Respondent "recognizes that the Court may then decide to grant the Petition and award appropriate relief" and argues that "appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." [*Id.*].

## LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484

---

[1] This is one of five claims Petitioner asserts. Because the Court finds that Petitioner is entitled to habeas relief on this ground, it does not address his remaining claims. *See Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *1 (D. Colo. Dec. 4, 2025); *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

(1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

Because Petitioner proceeds pro se, the Court affords his filings a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  That said, the Court may not "assume the role of advocate for the pro se litigant."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).  The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## ANALYSIS

The Court finds that Petitioner should be released, subject to the previous conditions of supervision. The procedures for revoking an order of supervision are governed by 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i).  Revocation of release requires that (1) the noncitizen "be notified of the reasons for revocation of his or her release" and (2) the noncitizen be "afforded an initial informal interview promptly after his or her return to . . . custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. § 241.4(l)(1); *see also Olivera-Martinez v. Valdez*, No. 26-cv-01120-NYW, 2026 WL 1361538, at 3 n.2 (D. Colo. May 15, 2026)

(noting that courts routinely interpret this regulation as requiring notice and informal interview upon revocation of release regardless of reason for revocation).  Additionally, § 241.4(l)(2) requires that the decision to revoke release must be made either by the Executive Associate Commissioner or, under certain circumstances, a district director.  8 C.F.R. § 241.4(l)(2).

This Court, along with other courts across the country, have held that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release.  *See Olivera-Martinez,* 2026 WL 1361538, at *3; *see also Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *2 (D. Colo. Dec. 4, 2025) (ordering release of noncitizen when ICE failed to follow its own regulations in revoking supervised release) (collecting cases); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152–53 (D. Mass. 2025) ("ICE, like any agency, has the duty to follow its own federal regulations. . . .  As here, where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal state and ICE fails to adhere to it, the challenged action is invalid." (cleaned up) (citing *Zadvydas*, 533 U.S. at 690)); *Guerra v. Bondi*, No. 25-cv-01240-G, 2026 WL 114258, at *8 (W.D. Okla. Jan. 15, 2026) ("Habeas corpus relief is warranted" where "Respondents' failure to comply with § 241.4(l)(3) resulted in redetention, accompanied by a lack of notice or a meaningful opportunity to respond."); *Funes v. Francis*, 810 F. Supp. 3d 472, 502 (S.D.N.Y. 2025) (finding that the court must order the petitioner's release in "align[ment] with numerous cases releasing habeas petitioners held in custody following procedural due process violations" (collecting cases)); *Grigorian v. Bondi*, No. 25-cv-22914-RAR, 2025 WL 2604573, at *9–10 (S.D.

Fla. Sept. 9, 2025) ("The failure to provide Petitioner with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates both ICE's own regulations and the Fifth Amendment Due Process Clause.  This compels Petitioner's release.  Courts around the country have concluded likewise." (collecting cases)).

Petitioner argues that the revocation of his longstanding supervised release did not comply with the above regulations.  [Doc. 1 at 2 (alleging that he "received no prior notice of revocation, and no written revocation notice, warrant, custody-review decision, Notice of Failure to Comply," and no "other revocation paperwork was shown or provided to him before or at the time of detention")]; *see also* [*id.* at 8 ("ICE gave no prior notice of any intent to revoke the Order of Supervision.  At arrest or afterward, ICE did not present or provide a judicial warrant, administrative warrant, revocation notice, Notice of Failure to Comply, custody-review decision, written reasons for revocation, or other revocation paperwork.")].  Respondent makes no attempt to dispute these allegations or argue in any way that the applicable regulations were complied with before Petitioner's supervised release was revoked.  *See* [Doc. 11].  Accordingly, Respondent's detention of Petitioner violates due process, and release is the appropriate remedy.  *See Olivera-Martinez,* 2026 WL 1361538, at *3; *see also* [Doc. 11 at 1].

Accordingly, the Court respectfully **GRANTS** the Petition **in part** and **ORDERS** Respondent to immediately release Mr. Gonzalez Garcia, subject to the terms of his previous OSUP, **within 48 hours of the entry of this Order**.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)     The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2)     Respondent is **DIRECTED** to immediately release Petitioner, subject to the terms of his previous Order of Supervision, **within 48 hours of the entry of this Order**; and

(3)     Respondent **SHALL SUBMIT** a declaration pursuant to 28 U.S.C. § 1746 within **three business days of this Order** affirming Petitioner's release from custody.

DATED:  July 23, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge